**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **OTOLOSE VEA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-CV-0210-CVE-CDL** |
| | ) | |
| **AMERICAN AIRLINES, INC., and TRANSPORT WORKERS UNION OF AMERICA LOCAL 514,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court is defendant American Airlines, Inc.'s (American Airlines) motion to dismiss and brief in support. Dkt. # 8. American Airlines argues that dismissal with prejudice is proper against plaintiff Otolose Vea for failure to exhaust administrative remedies, failure to state a claim upon which relief may be granted, and insufficient service of process. Id. Plaintiff, appearing pro se, has opposed the motion (Dkt. # 10) and American Airlines has replied (Dkt. # 12).

**I.**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft, 556 U.S. at 684. For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

In addition, pro se pleadings must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Pro se complaints are held to less stringent standards than pleadings drafted by lawyers, and the court must construe them liberally. Haines, 404 U.S. at 520. Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only be vague and conclusory allegations. Hall, 935 F.2d at 1110. "[G]eneral assertions of discrimination and retaliation, without any details whatsoever of events . . ., are insufficient to survive a motion to dismiss. While specific facts are not necessary, some facts are." Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 1012) (internal citations

and quotation marks omitted). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

**II.**

The following facts are taken from plaintiff's complaint (Dkt. # 2-2, at 3-8). Plaintiff appended to her complaint several attachments, including a "statement of facts and timeline." Dkt. # 2-2, at 9. Construing the pleadings liberally and considering the short nature of plaintiff's complaint, the Court will consider the facts provided in the "statement of facts and timeline."[1]

Plaintiff worked at American Airlines for "many years" and transferred to the Tulsa maintenance facility in July 2017. Dkt. # 2-2, at 4. Plaintiff alleges that, after transferring to the Tulsa facility, she "began experiencing a pattern of discriminatory treatment, monitoring, and harassment by supervisors and co-workers." Id. Beginning in "approximately 2018," plaintiff raised "complaints" regarding the workplace harassment and discriminatory treatment. Id. Plaintiff alleges that those "complaints" resulted in "internal investigations" conducted by "American Airlines

---

[1] Plaintiff also appended to the complaint, inter alia, a "motion for appointment of counsel." Dkt. # 2-2, at 15. This "motion" was not filed in the electronic record as a motion. Nevertheless, the Court will consider plaintiff's request for appointment of counsel. In the case of an indigent plaintiff, the Court has discretion to appoint an attorney to represent the plaintiff where, under the totality of circumstances of the case, the denial of counsel would result in a fundamentally unfair proceeding. McCarthy v. Weinberg, 753 F.2d 836, 839-40 (10th Cir. 1985). The Tenth Circuit has stated that "if the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (quoting McCarthy, 753 F.3d at 838). The Court does not find that it is necessary to appoint counsel to assist plaintiff with prosecuting her claims. Plaintiff's filings show that she understands the factual and legal basis of her claims, and the nature of plaintiff's claims are not so complex that it would result in a fundamentally unfair proceeding to require plaintiff to proceed without an attorney.

Human Resources," including investigations by "representatives" Sheila Carlson "in or about 2017-2018" and Lori Horlman "in or about 2019-2020." Id. Plaintiff also alleges that "Labor Relations investigator Jeanette Gibbs" conducted an investigation "in or about 2024-2025." Id. Despite these investigations, "the conduct toward Plaintiff continued and the workplace environment remained hostile." Id. Plaintiff suffers from chronic kidney disease and "bladder-related conditions" requiring frequent restroom access and medical accommodations. Id. Plaintiff alleges she informed "management and Human Resources of these medical conditions and provided medical documentation." Id. Plaintiff alleges that "despite this knowledge," her "supervisors" repeatedly "questioned" her restroom usage and "monitored [her] . . . during work hours." Id. Plaintiff sought representation from defendant Transport Workers Union of America Local 514 (TWU Local 514) to address her grievances and the disciplinary actions by American Airlines against her. Id. at 5. However, plaintiff alleges that TWU Local 514 "failed to adequately represent [her] interests." Id.

Plaintiff adds that in 2018, she was "questioned" by "management and coworkers" regarding the frequency of her restroom use and whether she was "handicapped in order to use parking accommodations." Id. at 9. Plaintiff alleges that she was "monitored and singled out." Id. at 10. In or around 2019, plaintiff was told that she could not use certain restroom facilities and "at various times," she was told that restroom use was "restricted" and was "questioned" regarding her restroom use "when a union representative was present." Id. Plaintiff alleges that this conduct continued in 2020. Id. In October 2024, plaintiff was "disciplined" for taking a scheduled fifteen-minute break. Id. Plaintiff alleges that a coworker on the same assignment was not disciplined, despite taking the same break as plaintiff. Id.

Plaintiff filed a charge of discrimination, which was presented to the Equal Employment Opportunity Commission (EEOC) and the Oklahoma Attorney General's Office, Office of Civil Rights Enforcement (OCRE). Id. at 23. In the charge, plaintiff named only TWU Local 514, not American Airlines, as the "Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that [she] believe discriminated against [her]." Id. In the section describing the "[p]articulars," plaintiff stated that she began her employment on or about June 2, 1993, as a mechanic with American Airlines. Id. Although plaintiff stated that she was disciplined twice by her employer, the grievance for which she filed the charge is that, "despite [her] good standing with the union, [she] was denied [union] representation to remove the disciplinary actions from [her] file." Id. In the charge, plaintiff stated that she believed she was discriminated against because of her "disability, . . . age (63), . . . race (Pacific Islander), national origin, and color," in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 et seq.; Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq.; and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. Dkt. 2-2, at 24.

On January 30, 2026, the EEOC issued plaintiff a determination and notice of rights. Id. at 18. A copy of the notice was sent to TWU Local 514. Id. at 19. American Airlines was not copied on the notice. Id.

In her complaint, plaintiff raises four overlapping counts against American Airlines.[2] Id. at 5-7. Plaintiff alleges that American Airlines "engaged in discrimination and harassment that created a hostile work environment," "retaliated against [her] for raising concerns and complaints regarding

[2] Count V of the complaint follows plaintiff's signature block. Construing the pleadings liberally, the Court construes count V as incorporated in the complaint.

workplace discrimination and harassment," and "failed to provide reasonable accommodation for [her] disability." Id. Plaintiff's complaint contains no factual allegations related to age, race, national origin, or color.

## III.

American Airlines argues that plaintiff's claims should be dismissed because plaintiff failed to file a timely charge of discrimination before filing suit. American Airlines argues that the EEOC charge, to which the determination and notice of rights pertains, was made against only TWU Local 514 and the substance of the charge is limited to plaintiff's grievances against TWU Local 514. American Airlines further argues that the time in which plaintiff could have filed a discrimination charge against it has since expired, which merits dismissal of this action with prejudice.

A prerequisite to commencing an employment discrimination action against a defendant is the filing of a charge with the EEOC or authorized state agency. 42 U.S.C. § 2000e-5(e)(1).[3] The failure to file an EEOC charge prior to filing suit is an affirmative defense. Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1185 (10th Cir. 2018). Courts must dismiss claims for failure to exhaust administrative remedies when it is undisputed that the plaintiff has not filed a timely EEOC charge. Smith v. Cheyenne Ret. Invs., L.P., 904 F.3d 1159, 1163-64 (10th Cir. 2018).

An aggrieved employee may bring a civil action "against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). However, the employee's failure to specifically name a defendant in the charge "does not automatically mandate dismissal" of a suit against that defendant. Romero v. Union Pac. R.R., 615 F.2d 1303, 1311 (10th Cir. 1980); Knowlton v. Teltrust Phones,

---

[3] Title I of the ADA incorporates the powers, remedies, and procedures set forth in 42 U.S.C. § 2000e-5. Id. § 12117(a).

Inc., 189 F.3d 1177, 1185 (10th Cir. 1999). An employment discrimination action "may proceed against a defendant not named in the EEOC charge when 'there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge.'" Knowlton, 189 F.3d at 1185 (quoting Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991)). The Tenth Circuit has identified the following four factors that should be considered in determining whether dismissal in such circumstances is appropriate:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Romero, 615 F.2d at 1312 (quoting Glus v. G. C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)).

Although neither plaintiff nor American Airlines makes any arguments regarding identity of interest, an examination of the factors reveals that there is no clear identity of interests between American Airlines, the unnamed party, and TWU Local 514, the named party. As to the first factor, there can be no doubt that plaintiff could have ascertained the role of American Airlines through reasonable effort. By plaintiff's own admission in the EEOC charge, she was aware that her "employer," American Airlines, issued the "discipline[s]" against her. Dkt. # 2-2, at 23. If plaintiff had desired to file a discrimination charge against American Airlines for the disciplinary actions, she could have done so.

Second, the Court finds it exceedingly likely that the interests of TWU Local 514 and American Airlines are generally not similar. This is not a case of a parent company and wholly-owned subsidiary, which can be said to have identical interests. See Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1242 (2d Cir. 1995). Rather, in defending a charge of discrimination, American Airlines and TWU Local 514–as employer and bargaining representative, respectively–would likely have opposing interests. As such, it cannot be said that it was "unnecessary" to include American Airlines in the EEOC charge.

American Airlines' absence from the EEOC charge resulted in actual prejudice to its interests. The exhaustion rule serves two principal purposes: (1) to give notice of the alleged violation to the charged party, and (2) to give the EEOC an opportunity to conciliate the claim. Smith, 904 F.3d at 1164-65. TWU Local 514 was named as the only respondent in the EEOC charge and notice of plaintiff's right to sue was sent to TWU Local 514, not American Airlines. Dkt. # 2-2, at 19, 23-28. Additionally, American Airlines did not have the opportunity to respond or work with the EEOC to conciliate the claim. An EEOC investigation, prompted by the filing of a charge against American Airlines, might have revealed that American Airlines did not discriminate against plaintiff, resulting in a termination of the charges against it. Accordingly, American Airlines would be prejudiced in being forced to participate in civil litigation to resolve a dispute for which it received no notice and consequently, was denied the opportunity to conciliate.

Finally, there is no allegation that American Airlines "in some way represented to [plaintiff] that its relationship with [plaintiff] is to be through [TWU Local 514]." See Romero, 615 F.2d at 1312. Although TWU Local 514 is plaintiff's bargaining representative with regard to her

employment at American Airlines, there is no indication that TWU Local 514 is the agent of American Airlines nor is there any basis for inferring that TWU Local 514 represents American Airlines in connection with the EEOC grievance process. Therefore, the factors show that no identity of interest exists between American Airlines and TWU Local 514. As plaintiff filed a charge against TWU Local 514, not American Airlines, and there is no identity of interest between the two defendants, plaintiff has not exhausted her administrative remedies against American Airlines.

A charge of discrimination must be filed within 300 days of the discriminatory conduct in a deferral state such as Oklahoma. 42 U.S.C. § 2000e-5(e)(1); Jensen v. West Jordan City, 968 F.3d 1187, 1203 (10th Cir. 2020). The 300-day filing requirement is a "condition precedent to suit that functions like a statute of limitations." Jensen, 968 F.3d at 1203 (quoting Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995)). Based on plaintiff's complaint, the latest date that the discriminatory conduct by American Airlines occurred was October 2024. As more than 300 days have passed since October 2024, it is too late for plaintiff to file a charge against American Airlines for the conduct alleged in the complaint. Accordingly, amendment is futile and dismissal with prejudice is appropriate. See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006) ("Dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

As plaintiff's complaint must be dismissed with prejudice for failure to timely exhaust her administrative remedies, the Court need not address American Airlines' arguments regarding failure to state a claim and insufficient service of process.

**IT IS THEREFORE ORDERED** that defendant American Airlines, Inc.'s motion to dismiss (Dkt. # 8) is **granted** pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's complaint (Dkt. # 2-2) is **dismissed with prejudice** as against defendant American Airlines, Inc.

**IT IS FURTHER ORDERED** that defendant American Airlines, Inc. shall be terminated on the docket sheet, and the remaining parties shall amend the caption accordingly in all future pleadings.

**DATED** this 13th day of October, 2026.

Claire V. Eagan

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE